IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DUKE UNIVERSITY, ALLERGAN SALES, LLC, | § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 2:17-CV-00528-JRG |
| v. | § § | |
| SANDOZ INC., ALCON LABORATORIES, INC., | § § § § | |
| Defendants. | | |

**ORDER**

Before the Court is Defendants Sandoz, Inc. and Alcon Laboratories, Inc.'s Motion to Dismiss or Transfer Venue to the Middle District of North Carolina Pursuant to 28 U.S.C. §§ 1400(b)/1406(a). (Dkt. No. 69.) Having considered the Parties' arguments and for the reasons set forth below, the Court finds that the Motion should be and hereby is **GRANTED-AS-MODIFIED** but **DENIED-IN-PART**. It is hereby **ORDERED** that Plaintiffs' claims in the above-captioned case are **SEVERED** as to Defendants individually. It is further **ORDERED** that Plaintiffs' claims against Defendant Sandoz, Inc. are **TRANSFERRED** to the District of Colorado and Plaintiffs' claims against Defendant Alcon, Laboratories, Inc. are **TRANSFERRED** to the District of Delaware.

I.   **BACKGROUND**

On July 7, 2017, Plaintiffs Duke University and Allergan Sales, LLC ("Plaintiffs") filed suit against Defendants Sandoz Inc. and Alcon Laboratories, Inc. ("Defendants"), alleging patent infringement of U.S. Patent No. 9,579,270 (the "'270 Patent"). (Dkt. No. 1 at 11–16.) Defendant Sandoz Inc. ("Sandoz") is a Colorado corporation that has a principal place of business in

Princeton, New Jersey. (Dkt. No. 28 at 2.) Defendant Alcon Laboratories, Inc. ("Alcon") is a Delaware corporation that has a principal place of business in Fort Worth, Texas. (Dkt. No. 27 at 2.)

## II. LEGAL STANDARD

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (2012); *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017) ("§ 1400(b) 'is the sole and exclusive provision controlling venue in patent infringement actions.'" (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957))). Under § 1400(b), a domestic corporation resides only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1521.

If venue is improper, a court may, in the interest of justice, transfer the case to any district or division in which the case could have been brought. 28 U.S.C. § 1406(a). This decision "rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) (collecting cases). However, "[t]ransfer is typically considered more in the interest of justice than dismissal." *Personal Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 936 (E.D. Tex. 2017).

A court also has broad discretion to "sever any claim against a party." *See* Fed. R. Civ. P. 21; *see also Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994). Particularly as it relates to the venue analysis, courts may sever defendants where "it is unclear whether the entire action could have been brought in the transferee venue." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1364 (Fed. Cir. 2014) (citing Fed. R. Civ. P. 21).

### III. ANALYSIS

All Parties agree that venue in this district is improper.[1] (Dkt. No. 68 at 19; Dkt. No. 79 at 2; Dkt. No. 86 at 3; Dkt. No. 89 at 2.) Thus, pursuant to § 1406(a), the only issue for the Court to determine is whether—in the interest of justice—to dismiss or transfer the case to a district in which this case could have been brought. *See* 28 U.S.C. § 1406(a).

Defendants argue that, in the interest of justice, the Court should dismiss this case under § 1406(a). (Dkt. No. 105 at 3.) Defendants have two primary arguments in favor of dismissal. First, Defendants believe that the Middle District of North Carolina is better equipped to decide this matter because that court has already handled three prior cases involving the same parties and similar technology and patents. (Dkt. No. 105 at 2.) In addition, after Plaintiffs filed this suit, Defendants filed a declaratory judgment action in the Middle District of North Carolina. Thus, Defendants assert that dismissal would make them the first filed case and "clear the way for the court in M.D.N.C. to proceed with resolving this dispute." (Dkt. No. 86 at 3–4.) However, Defendants cite to no authority holding that a pending "mirror image" case somehow favors dismissal, and this Court is not persuaded to make such a finding here. (*See id.*) Second, Defendants rely on this Court's prior ruling in *Nichia Corp. v. VIZIO, Inc.*, No. 2:16-cv-1453, slip op. at *10–11, *11 n.5 (E.D. Tex. Feb. 1, 2018), to argue against severance. (Dkt. No. 105 at 2–3.) In *Nichia*, this Court refused to sever and "scatter[] the cases." Instead, the Court dismissed the case to "allow[] the plaintiff to determine whether another venue might be more appropriate and

---

[1] Because the Parties have stipulated that venue in this district is improper, the proper procedural route for transfer is § 1406(a). *See Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 5630023, at *3 (E.D. Tex. Nov. 22, 2017) ("[A] motion under § 1404 is premised on venue being proper in the transferor court whereas a motion under § 1406 reflects an objection to the current venue as being improper."). As such, the Court will not consider any of the Parties' arguments to the extent they rely on transfer pursuant to 28 U.S.C. § 1404(a). In addition, as a result of the Parties' stipulation, the Court declines to substantively address whether venue is proper within the Eastern District of Texas.

efficient in which to pursue all or most of the defendants." *Nichia*, slip op. at *11 n.5 (E.D. Tex. Feb. 1, 2018). Unlike the plaintiff in *Nichia*, who put forth no facts or argument on the issue of transfer, Plaintiffs here propose severing the claims and transferring the severed claims to proper transferee districts. (Dkt. No. 94 at 2 n.6; Dkt. No. 104 at 1–3.) Thus, any potential prejudice Plaintiffs would suffer through a forced "scattering" of claims is eliminated.

The Court finds that in this case, transfer, rather than dismissal, is in the interest of justice. This case has been pending for eight months. Discovery has begun and the Parties have already exchanged preliminary claim constructions and submitted a joint claim construction statement. (Dkt. No. 97 at 4; Dkt. No. 106.) Dismissing the case at this stage would render this progress a wasted effort. Additionally, at the time of complaint, there was uncertainty among litigants regarding the scope of the phrase "regular and established place of business," and a desire for "greater uniformity on this issue." *See In re Cray Inc.*, 871 F.3d 1355, 1359 (Fed. Cir. 2017). Accordingly, Plaintiffs may have filed this suit under a good-faith belief that venue was proper. In light of the foregoing, the Court finds that dismissing the case would be an extreme outcome.

Having found that this case should be transferred, this Court must now determine the proper transferee venue. Defendants argue this case should be transferred to the Middle District of North Carolina. (Dkt. No. 86 at 2–3.) In support of this argument, Defendants rely on the location of Sandoz's corporate subsidiary Oriel, which is located in that district, and Plaintiffs' alleged consent to that forum by filing three prior lawsuits there. (Dkt. No. 86 at 2–3.) [2] Notably, Defendants do not argue that either Sandoz or Alcon has a regular and established place of business in the Middle

---

[2] Unlike transfer pursuant to § 1404(a), a court cannot transfer a case to a district to which all parties have consented under § 1406(a). Thus, Defendants' arguments relying on consent for proper venue are unavailing. *Compare* 28 U.S.C. § 1404(a) ("[A] district court may transfer . . . to any district or division to which all parties have consented."), *with* 28 U.S.C. § 1406(a).

District of North Carolina. Instead, Defendants assert that Sandoz's subsidiary's contacts "could be imputed to Sandoz and Alcon to establish venue." (Dkt. No. 68 at 7–8.) The law is less than clear as to whether a corporate subsidiary's physical location may be imputed to the parent corporation for the purposes of establishing a regular and established place of business, *see e.g.*, *American GNC Corp. v. ZTE Corp.*, Case No. 4:17-cv-620, 2017 WL 5157700 (E.D. Tex. Nov. 7, 2017), *appeal docketed*, No. 18-113 (Fed. Cir. Nov. 30, 2017), and Defendants' arguments rely solely on Sandoz's subsidiary—and not a subsidiary of Alcon—and do not delve into any analysis of the agency or corporate relationship between Sandoz, Alcon, and Oriel. (Dkt. No. 68 at 7–8; Dkt. No. 86 at 23.) Despite the Parties' invitation to consider how a corporate subsidiary's contacts may impute venue, the Court finds that proceeding on the merits of such is ill-advised in light of such scant evidence and precedent. In any event, such an ill-advised invitation is now unnecessary given the definitive evidence of proper venue elsewhere. Additionally, neither Sandoz nor Alcon is incorporated in North Carolina. As this Court has not found any evidence, and Defendants have not shown any compelling basis, for concluding that venue is proper for either defendant in the Middle District of North Carolina, the Court declines to transfer this case to that district.

On the other hand, Plaintiffs argue this case should be transferred to the District of New Jersey, or in the alternative, Plaintiffs' claims against each defendant should be severed and transferred to separate districts. (Dkt. No. 104 at 1–3.) Plaintiffs do not argue that either Sandoz or Alcon is incorporated in New Jersey. Although the Parties do not dispute that Sandoz has a regular and established place of business in New Jersey (Dkt. No. 94 at 1, 3), Plaintiffs rely on agency theory to argue that Alcon has a "place" of business in New Jersey "through its relationships and dealings with Sandoz and Novartis." (Dkt. No. 79 at 1.) However, Plaintiffs provide the Court with very limited evidence establishing an agency relationship between Alcon,

Novartis, and Sandoz, particularly as to how those relationships relate to the products or patent-at-suit. (Dkt. No. 94 at 1–2.) Since it is unclear whether Novartis' established place of business can be imputed to Alcon for the purposes of venue analysis, this Court declines to transfer Plaintiffs' claims against Alcon to a district in which proper venue is so uncertain, especially when a venue with obvious propriety exists.

While the Court finds transfer is in the interest of justice, it must transfer the case to a proper venue. Since venue for a domestic corporation is clearly proper in its place of incorporation, this Court finds venue is, at least, proper for Sandoz in the District of Colorado and for Alcon in the District of Delaware. Moreover, since there is no single transferee venue which is proper for both defendants, this Court will sever Plaintiffs' claims to facilitate a secure transfer. *See In re Nintendo*, 756 F.3d at 1364. Accordingly, Plaintiffs' claims as to the two named defendants are severed into separate and independent actions, with the claims against Sandoz to be transferred to the District of Colorado and the claims against Alcon to be transferred to the District of Delaware.

## IV.    CONCLUSION

The Court finds that venue is proper under 28 U.S.C. § 1400(b) for Sandoz and Alcon in their states of incorporation, which are the District of Colorado and the District of Delaware, respectively. Pursuant to 28 U.S.C. § 1406(a), it is hereby **ORDERED** that Plaintiffs' claims against Sandoz are **SEVERED** and **TRANSFERRED** to the District of Colorado, and Plaintiffs' claims against Alcon are **SEVERED** and **TRANSFERRED** to the District of Delaware.

**So ORDERED and SIGNED this 3rd day of April, 2018.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE